## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| TAMER ESCANDER, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Case No. 23-1656 |
| | * | |
| CHRISTINE WORMUTH, | * | |
| | * | |
| Appellee. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## APPELLANT'S PETITION FOR PANEL REHEARING

## STATEMENT OF PURPOSE

Appellant Tamer Escander ("Escander") hereby seeks a panel rehearing of the Court's 1 April 2024 decision, which affirmed the District Court's grant of summary judgment to the Appellee Christine Wormuth, Secretary of the United States Army ("Army"). The Panel found that the District Court did not err when it found that Escander failed to exhaust his administrative remedies despite uncontroverted evidence that he had attempted to request Equal Employment Opportunity counseling and was rebuffed, that any failure to exhaust was not entitled to equitable tolling despite the same evidence, and that he had not established a *prima facie* case for discrimination or retaliation, despite ample evidence that controverted every piece of evidence offered by the Army. In the undersigned's judgment, the Panel's decision overlooked numerous material

factual or legal matters related to these items, although it is impossible to know exactly which matters were overlooked because the Panel did not provide any explanation for its decision beyond the statement, "We have reviewed the record and find no reversible error." Op., Dkt. #34, at 2 (filed Apr. 1, 2024) (*per curiam*).

## ARGUMENT

To begin, it is first necessary to clarify what Escander is actually requesting in this Petition, and, more importantly, what he is *not* requesting. Because of the complicated procedural posture of this case, this is not a simple Petition for Panel Rehearing. Since the Panel decided the case without having oral arguments, this is perhaps more accurately described as a motion for a panel *hearing* rather than *rehearing*. But even that is not entirely accurate, because it could be argued that the Panel's consideration of the record without oral argument still constituted a "hearing," and yet this Petition would still be necessary, because of the manner in which the Panel affirmed the case without explaining which parts of the parties' respective arguments it endorsed. While the fact that this opinion is unpublished removes any questions of precedence, it also leaves Escander in an untenable position. He cannot effectively seek rehearing, rehearing *en banc*, or even *certiorari*—or even evaluate his options intelligently—because *he does not know which arguments or evidence the Panel rejected*. So, to the extent that the Panel still believes that oral argument is not necessary, Escander is asking the Panel to

2

simply explain its reasoning in enough detail to allow for a meaningful challenge to higher authority.

In all but name, the Panel issued a summary affirmance of the District Court's decision, but the complicated factual record in this case should have ensured that a motion for summary disposition, were it filed, would be denied. Despite the fact that Escander proffered extensive evidence to support each of his contentions, the District Court effectively ignored all of it; *e.g.*, at one point the District Court stated that "Plaintiff has proffered no evidence which would support a finding that Dr. Nabipour was, in fact, aware of plaintiff's assisting Mr. Erian with his EEO complaint or any security clearance matters," JA336, despite the fact that Escander proffered an email chain in which Dr. Nabipour complained to his supervisor that Escander and Thomas Erian were working together on complaints. *See* JA301 (Nabipour statement that Escander's complaint was "another accusation orchestrated by Thomas Erian").

In this and numerous other examples identified in Escander's briefs in this case, the District Court discounted all of the evidence Escander proffered while uncritically accepting all of the evidence the Army proffered: a complete rejection of the Supreme Court's mandate that "the court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is *uncontradicted* and *unimpeached*." *Reeves v. Sanderson Plumbing*

3

*Prods., Inc.*, 530 U.S. 133, 150-51 (2000) (quotations and citations omitted) (emphasis added). "By failing to credit evidence that contradicted some of its key factual conclusions, the court improperly 'weigh[ed] the evidence' and resolved disputed issues in favor of the moving party." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Regardless of whether the District Court believed that a jury would ultimately find in Escander's favor, it exceeded its authority here.

"Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits. . . . The court therefore cannot weigh the evidence or make credibility determinations. . . . Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). This is exactly what the District Court did for the administrative exhaustion question and the substantive questions. It refused to draw any reasonable inferences in Escander's favor from the testimony of the Army's witnesses and it only drew inferences in the Army's favor from the testimony of Escander's witnesses, when the core issue was one of credibility. And in doing so, it exemplified why this Court has consistently held that "summary disposition of Title VII cases is 'not favored.'" *McNeal v. Montgomery Cnty.*, 307 Fed. App'x

4

766, 771 (4th Cir. 2009) (quoting *Logan v. Gen. Fireproofing Co.*, 521 F.2d 881, 883 (4th Cir. 1971)).

These fundamental infirmities with the District Court's opinion accordingly make the Panel's unelaborated conclusion that it "found no reversible error" extremely problematic, because it leaves Escander no feasible options for potentially escalating the case. How can he allege with specificity which "material factual or legal matter was overlooked in the decision," Local R. 40(b)(i), when he has no idea which material factual or legal matters were *not* overlooked by the Panel? How can the Court consider a petition for rehearing *en banc* when none of the judges beyond the Panel would have any insight into why the Panel reached its conclusion in the first place? How can Escander argue to the Supreme Court that the Panel made an error with no understanding of what that error might *be*? Candidly speaking, there are numerous possible paths that the Panel could have taken to reach its final conclusion. It could have decided that Escander did not exhaust his administrative remedies and found that fact determinative. It could have decided that the testimony of Ms. Whitehead, on which Escander placed so much weight, was inadmissible hearsay, and therefore found that Escander did not make a *prima facie* case. It could have decided that Escander *did* make a *prima facie* case but that the Army then met its burden of giving a legitimate reason for its actions. Escander does not believe that any of these decisions would have been

correct, but he should not be required to challenge every possible adverse decision in future petitions—each of which are governed by severe length limits—just because it is *possible* that the Panel relied on it.

It is a matter of faith that district courts must articulate their reasoning when making decisions, so that a future circuit court can intelligently examine those decisions for potential reversible error. Escander only asks that the Panel apply that standard to its own decision in this case, so that he—and any future court—can intelligently examine *that* decision for potential reversible error. It may be that he ultimately determines that the Panel has reached a sound decision that is, while undesirable, still reasonable, and that is the end of the matter. It may also be that he can identify some material factual or legal issue that the Panel has misapprehended or overlooked, and accordingly seek further review. However, in the absence of more information about the Panel's reasoning, neither Escander nor future courts have *any* insight into the merits of the Panel's decision. This is tremendously unfair in a Title VII case where the plaintiff has spent years accumulating supporting evidence, all of which he presented to the District Court, only to have it ignored in favor of unadorned statements of ignorance made by the very official accused of discriminatory and retaliatory conduct.

Furthermore, Escander requests that, if the Panel grants this Petition, it also allow oral arguments, to allow his undersigned counsel the opportunity to perhaps

6

identify any issues with the Panel's understanding of the record. As noted above and in multiple parts of Escander's briefs, the District Court's opinion does not accurately reflect the factual record in this matter in many different ways, and if the Panel misapprehended a critical fact, the interest of justice is served by allowing Escander's counsel an opportunity to identify and correct the misapprehension.

## CONCLUSION

For the foregoing reasons, the Panel should reconsider this case.

Date: May 23, 2024

                                          Respectfully submitted,

                                          /s/ Kelly B. McClanahan
                                        Kelly B. McClanahan, Esq.
                                        D.C. Bar #984704
                                        National Security Counselors
                                        4702 Levada Terrace
                                        Rockville, MD  20853
                                        301-728-5908
                                        240-681-2189 fax
                                        Kel@NationalSecurityLaw.org

                                        *Counsel for Appellant*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing filing contains 1556 words, and was prepared in 14-point Times New Roman font using Microsoft Word 2016.

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
